UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60947-CIV-COHN

EMERSON O. DAVIS,

Magistrate Judge White

     Petitioner,

vs.

STATE OF FLORIDA,

     Respondent.

_____/

### ORDER DENYING PETITIONER'S RULE 60(b) MOTION

THIS CAUSE is before the Court upon Petitioner Emerson O. Davis's Rule 60(b) Motion for Relief from Judgment [DE 20].[1]  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

Petitioner Emerson O. Davis is currently serving a life sentence in federal prison. On June 29, 2006, Petitioner filed a § 2254 petition challenging a prior state court conviction for carrying a concealed firearm which was used to enhance his federal sentence.  The Court dismissed the petition for lack of subject matter jurisdiction. Adopting the Report and Recommendation of United States Magistrate Judge Patrick A. White, the Court found that it lacked subject matter jurisdiction because under Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), a defendant may not collaterally attack a prior conviction used to enhance a sentence when the prior conviction is no longer open in its own right for direct or collateral attack.  Citing Gonzalez v. Crosby, 545 U.S. 524 (2005), Petitioner now attacks the Court's dismissal

---

[1]  Petitioner's *pro se* Motion is entitled "Emerson Davis' Memorandum in Support of Rule 60(b)(4)(5)(6)."  Based on the substance of the Motion, the Court shall treat it is a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).

of the habeas petition under Rule 60(b).  He alleges that the Court erred in not addressing the claims on their merits.

While <u>Gonzalez</u> does provide that a Rule 60(b) motion is an appropriate remedy in a habeas case where the petitioner "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the instant Motion does not state a valid claim for relief.  <u>Id.</u> at 532.  The Motion moves for relief pursuant to Rule 60(b)(4), (5) and (6).  In this case, there is no basis for relief under Rule 60(b)(4) or (5).  Further, Petitioner has not shown "extraordinary circumstances" justifying the reopening of the final judgment under Rule 60(b)(6).  <u>Id.</u> at 535 (internal citations omitted).  Petitioner cites no basis for his Motion other than that the Court erred in not addressing his petition on its merits.  Therefore, it is hereby

**ORDERED AND ADJUDGED** that Petitioner Emerson O. Davis's Rule 60(b) Motion for Relief from Judgment [DE 20] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of August, 2007.

JAMES I. COHN
United States District Judge

copies to:
Emerson O. Davis, *Pro Se*
Reg. # 00364-501
FCC Coleman
P.O. Box 1034
Coleman, Florida 33521